# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 18, 2021

```
* * * * * * * * * * * * *
MARK A. JAKUBOWSKI,            *
                               *        Unpublished
                               *
                               *
        Petitioner,            *        No. 19-291V
                               *
v.                             *        Special Master Gowen
                               *
SECRETARY OF HEALTH            *        Attorneys' Fees and Costs;
AND HUMAN SERVICES,            *        Stipulation.
                               *
        Respondent.            *
* * * * * * * * * * * * *
```

*William B. Hicky,* William B. Hicky, Attorney at Law, Nashville, TN, for petitioner.
*Ryan D. Pyles,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 10, 2021, Mark A. Jakubowski ("petitioner") filed an application for final attorneys' fees and costs. Petitioner's Motion for Final Attorneys' Fees ("Pet. Mot.") (ECF No. 30). For the reasons discussed below, I hereby **GRANT** petitioner's motion and find that a reasonable award for final attorneys' fees and costs is $33,873.57.

### I.      Procedural History

On February 25, 2019, petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

of receiving the pneumococcal conjugate PCV-13 vaccine on March 16, 2017, he suffered vasovagal syncope, which resulted in an automobile collision.  *Id.*

On February 10, 2020, respondent filed a status report stating that he was not interested in settlement negations and sought the opportunity to file the Rule 4(c) Report.  Respondent's ("Resp.") Status Report (ECF No. 14).

On April 7, 2020, I held an initial status conference and ordered the petitioner to file an expert report.  Scheduling Order (ECF No. 18).  Petitioner filed an expert report on December 10, 2020, written by Byron Herpich, M.D.  (ECF No. 21).  Dr. Herpich opined that petitioner suffered from a vasovagal syncope event twenty-six minutes post-vaccination.  *Id.* at 6.

On January 21, 2021, respondent requested that the Court enter a 15-week order indicating that that parties had reached a tentative agreement to settle the case.  15-Week Stipulation Order (ECF No. 23).  On April 21, 2021, respondent file a stipulation for award.  Stipulation (ECF No. 25).  The same day I entered a decision on stipulation, awarding petitioner compensation.  Decision (ECF No. 26).

On May 10, 2021, petitioner filed the instant motion for final attorneys' fees and costs.  Pet. Fees App.  Petitioner is requesting that his attorney be awarded $30,838.50 in attorneys' fees and $3,035.07 in attorneys' costs.  *Id.* at 1.  Respondent filed a response the same day, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case and requested that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs.  Resp. Response (ECF No. 32).

This matter is now ripe for adjudication.

## II.    Legal Standard

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  In this case, petitioner was awarded compensation, and as such, are entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### III.  Analysis

#### a.  Attorneys' Fees

Petitioner requests that his attorney, Mr. William Hickey, be reimbursed at an hourly rate of $385.00 per hour for work performed from 2018-2021 in this case.  These rates are consistent with what Mr. Hickey has been previously awarded for his work in the Vaccine program, and I find them to be reasonable for the work performed in the instant case.

According to petitioner's fee application, it appears that Mr. Hickey performed 60.9 hours of work on this case.  Pet. Fee App. at 1; Pet Fee App., Tab 3.  The submitted billing statement accurately describes the work performed and the length of time it took to perform each task.  Further, respondent has not identified any particular entries as being objectionable.  Therefore, petitioner is entitled to final attorneys' fees of $30,838.50.

#### b.  Attorneys' costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  *Perreira v. Sec'y of Health & Hum. Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests a total of attorneys' costs in the amount of $3,035.07.  Pet. Fees App. at 1.  The majority of petitioner's costs requested are associated with the expenses associated with Dr. Herpich, the petitioner's expert.  *Id.* at 2.  Dr. Herpich is requesting a total of $2,375.00, which includes reviewing petitioner's medical records and drafting the expert report.  Pet. Fees App., Tab 5.  Dr. Herpich charged a rate of $395.00 for six hours of work.  *Id.*  I find Dr. Herpich's requested rate and the amount requested to be reasonable, as his opinion was helpful in resolving the case.  The remaining attorneys' costs petitioner seeks reimbursement for are for typical expenses covered by the Vaccine Program, including the filing fee, obtaining medical records and postage.  Petitioner also has provided detailed invoices for these costs.  As such, petitioner is entitled to final attorney's costs of $3,035.07.

### IV.  Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is hereby **GRANTED.**  I find that petitioner is entitled to a reimbursement of attorneys' fees and costs in the full amount requested.

**Accordingly, I award a lump sum in the amount of $33,873.57, representing reimbursement for petitioner's attorneys' fees, in the form of a check payable to petitioner and his attorney, Mr. William Hickey.[3]**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advance costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Hum. Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith. [4]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).